**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 0 6 2015

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MILDRED MOSS

      Plaintiff

VS.                                           NO: 1:15-cv-00001 BRW/HDY

FREDERICK MINOR and
IFCO SYSTEMS US, LLC

      Defendants

JURY TRIAL REQUESTED

This c...    ... District Judge WILSON
and ...                           YOUNG

**PETITION FOR REMOVAL**

Come now defendants, Frederick Minor and IFCO Systems US, LLC (hereinafter "IFCO") by and through their attorneys, Womack, Phelps & McNeill, P.A., and for their petition for removal, state:

1. Plaintiff commenced this action when she filed her complaint on or about December 5, 2014 in the Circuit Court of Independence County, Arkansas; said action was docketed as No. CV-2014-250-4.

2. To the best of defense counsels' knowledge, plaintiff has not served the summons and complaint on defendant Frederick Minor. On or about December 9, 2014 plaintiff served the summons and complaint on defendant IFCO Systems US, LLC through the CT Corporation System in Dallas, Texas, who is IFCO's agent for service of process, and service was obtained via certified mail.

3. Copies of the summonses and complaint which were filed in the Circuit Court of Independence County, Arkansas are attached hereto as Exhibits A and B, respectively.

4. Plaintiffs' cause of action is for the recovery of damages that allegedly resulted from an accident on or about August 20, 2014 near Highway 69 in Independence County, Arkansas. Plaintiff seeks damages in excess of the minimum limits necessary for federal court jurisdiction.

5. Plaintiff is a citizen of Arkansas. Defendant Frederick Minor is a citizen of the state of Tennessee, and defendant IFCO is a Delaware L.L.C. with its principal place of business in Houston, Texas.

6. Diversity of citizenship exists among the parties to this litigation.

7. This cause of action may be removed to this Court, pursuant to 28 U.S.C. § 1441.

8. This Court is the proper venue.

9. This notice for removal is timely filed, pursuant to 28 U.S.C. § 1446(b).

10. Defendants have given written notice of the filing of this notice of removal to plaintiff and has filed a copy of this notice with the clerk in the Circuit Court of Independence County, Arkansas.

11. Both defendants consent to removal.

WHEREFORE, defendants, Frederick Minor and IFCO Systems US, LLC, pray that this action be removed to the United States District Court, Eastern District of Arkansas, Northern Division, and that no further proceedings be had in the Circuit Court of Independence County, Arkansas; and for all other relief to which they are entitled.

                                        Paul D. McNeill (79206)
                                        WOMACK, PHELPS & McNEILL, P.A.
                                        Post Office Box 3077
                                        Jonesboro, Arkansas  72403-3077
                                        (870) 932-0900

By: _____
    Attorneys for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing pleading was made by mailing a copy of same to the following attorney of record on this ___ day of January, 2015:

Mr. Tom Thompson
Mr. Casey Castleberry
MURPHY, THOMPSON, ARNOLD,
  SKINNER & CASTLEBERRY
P. O. Box 2595
Batesville, Arkansas  72503

                    *Attorneys for Plaintiff*

                                        _____
                                        Paul McNeill

## IN THE CIRCUIT COURT OF INDEPENDENCE COUNTY, ARKANSAS
## CIVIL DIVISION

PLAINTIFF: MILDRED MOSS

SUMMONS

VS.

DEFENDANT: IFCO SYSTEMS US, LLC

DOCKET NO. CV-2014-250-4

THE STATE OF ARKANSAS TO DEFENDANT: IFCO SYSTEMS US, LLC
Reg. Agent: CT Corporation System
1999 Bryan Street, Ste. 900
Dallas, Texas 75201-3136

A lawsuit has been filed against you. The relief demanded is stated in the attached **First Amended Complaint**. Within 30 days after service of this summons on you (not counting the day you received it)— or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must be also served on the plaintiff or plaintiff's attorney, whose name and address are :
**TOM THOMPSON and CASEY CASTLEBERRY**
**MURPHY, THOMPSON, ARNOLD, SKINNER & CASTLEBERRY**
**P.O. BOX 2595**
**BATESVILLE, ARKANSAS 72503**

If you fail to respond within the applicable time period, judgment by default will be entered against you for the relief demanded in the complaint.

Additional notices: _____

DEBORAH FINLEY
CIRCUIT CLERK

Address of Clerk's Office
P.O. Box 2155
Batesville, AR 72503

BY: R. Satter_____ D.C.

Date: 12-5-14

[SEAL]


DEFENDANT'S EXHIBIT N

**CASE NO. CV-2014-250-4.** This summons is for <u>**IFCO SYSTEMS US, LLC**</u>.

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____[date];

or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by **certified mail, return receipt requested, restricted delivery,** as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other ]specify]: _____

☐ I was unable to execute service because: _____
_____
_____

My Fee is $_____

**TO BE COMPLETED IF SERVICE IS BY A SHERIFF OR DEPUTY SHERIFF:**

Date:_____        SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
   [Signature of Server]

_____
[Printed name, title, and badge number]

**TO BE COMPLETED IF SERVICE IS BY A PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF:**

Date:_____        By: _____

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn before me this date: _____

_____
[Notary Public]

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____

_____

SUMMONS/INDEPENDENCE COUNTY AR/ IFCO SYSTEMS US, LLC.

F201429742
FILED FOR RECORD
CASE# CV-2014-250-4 ~ 12-05-2014 10:41:08 AM
JUDGE: TIM WEAVER
DEBORAH FINLEY (SP)
INDEPENDENCE CO, AR CIRCUIT CLERK

### IN THE CIRCUIT COURT OF INDEPENDENCE COUNTY, ARKANSAS
### CIVIL DIVISION

**MILDRED MOSS**                                                               **PLAINTIFF**

V.                                   **CASE NO. CV 2014-250-4**

**FREDERICK MINOR and**
**IFCO SYSTEMS US, LLC**                                    **DEFENDANTS**

### FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Mildred Moss, by and through her attorneys, Tom Thompson and Casey Castleberry, and for her claims against Frederick Minor and IFCO Systems US, LLC, states and alleges as follows:

1. At all times relevant to this action, Ms. Mildred Moss resided in Magness, Independence County, Arkansas.

2. Based upon information and belief, at all times relevant to this action, Mr. Frederick Minor resided in Tennessee.

3. At all times relevant to this action, IFCO Systems US, LLC ("IFCO") was a Delaware limited liability company with its principal place of business in Houston, Texas. IFCO may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4. The occurrence which gives rise to this cause of action took place in Independence County, Arkansas.

DEFENDANT'S EXHIBIT B

5. This Court has jurisdiction over this cause of action pursuant to Ark. Code Ann. § 16-13-201, and venue is proper under Ark. Code Ann. §§ 16-60-101 and 16-60-113. This Court has jurisdiction over the parties to this matter.

6. On or about the 20th day of August, 2014, Ms. Moss was asleep in her home, located at 40 Burns Street, Magness, Arkansas, when her house was struck by an 18-wheeler driven by Mr. Minor.

7. Immediately prior to striking Ms. Moss's house with his vehicle, Mr. Minor was traveling southbound on Highway 69, when he lost control of his vehicle, left the roadway, and traveled over 630 feet before coming to rest after striking Ms. Moss's home with such force that it caused the entire house to shift off of its foundation.

8. At all times relevant to this action, Mr. Minor was acting in the course and scope of his employment with IFCO, and as such, IFCO is vicariously liable for Mr. Minor's acts and omissions, in accordance with the doctrine of *respondeat superior*.

**COUNT I - NEGLIGENCE**

9. The collision more particularly described in the previous paragraphs of this Complaint was directly and proximately caused by the negligence of Mr. Minor in the operation and use of his vehicle, which negligence consists of, but is not limited to, the following acts and omissions:

    a. failure to keep his vehicle under control;

    b. traveling at a rate of speed too fast under the circumstances;

2

    c. careless and prohibited driving, in violation of Ark. Code Ann. § 27-51-104; and

    d. failure to exercise ordinary care for his own safety and for the safety of others.

10. As a result of Mr. Minor's negligence, Ms. Moss has suffered the following elements of property damage:

| | | |
|---|---|---|
| a. | the total loss of her home - | $120,000 |
| b. | personal property damage - | $7,500 |
| c. | cost of debris removal - | $10,000 |
| d. | damage to trees and shrubs - | $10,000 |
| e. | loss of use of the property - | $6,000 |
| **TOTAL:** | | **$153,500** |

### COUNT II - CRIMINAL MISCHIEF IN THE SECOND DEGREE - CIVIL LIABILITY UNDER ARK. CODE ANN. § 16-118-107

11. Pursuant to Ark. Code Ann. § 16-118-107, Plaintiff may file a civil action to recover damages resulting from conduct of another that constitutes a felony under Arkansas law.

12. Ark. Code Ann. § 5-38-204(a) ("Criminal Mischief in the Second Degree") provides, "A person commits criminal mischief in the second degree if the person: . . . Recklessly destroys or damages any property of another person."

3

13. Ark. Code Ann. § 5-2-202(3) defines "Recklessly," as follows:

    (A) A person acts recklessly with respect to attendant circumstances or a result of his or her conduct when the person consciously disregards a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur.

    (B) The risk must be of a nature and degree that disregard of the risk constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

14. Mr. Minor's conduct was reckless, as he allowed his vehicle to leave the highway at such a high rate of speed that it traveled over 630 feet and became airborne before violently striking Ms. Moss's house.

15. Ark. Code Ann. § 5-38-204(b) states that Criminal Mischief in the Second Degree is a Class D felony if the actual damage to the property is five-thousand dollars ($5,000) or more.

16. Mr. Minor committed the felony of Criminal Mischief in the Second Degree, as he recklessly caused damage to Ms. Moss's house, and the actual damages exceed five-thousand dollars ($5,000).

17. As a direct and proximate result of Mr. Minor's reckless acts, Ms. Moss has been damaged, for which she is entitled to recover compensatory damages, punitive damages, and attorneys' fees.

## COUNT III - DAMAGES FOR MENTAL ANGUISH AND EMOTIONAL DISTRESS

18. As a result of the wanton conduct of Defendant, Ms. Moss has suffered severe mental anguish and emotional distress for which she is entitled compensation.

## COUNT IV - PUNITIVE DAMAGES

19. Mr. Minor knew or ought to have known, in light of the surrounding circumstances, that his conduct would naturally and probably result in injury or damage and that he continued such conduct in reckless disregard of the consequences from which malice can be inferred.

20. As a result of Mr. Minor's conduct, in reckless disregard of the rights and safety of others, punitive damages should be imposed to punish the Defendant.

21. Plaintiff's damages exceed the amount required to create jurisdiction in United States District Courts on the basis of diversity of citizenship.

WHEREFORE, Plaintiff prays that she be granted judgment of and from the Defendants for sums sufficient to compensate her for the damages she has sustained, for punitive damages, for her attorneys' fees and costs, and for all other relief to which she may be entitled, all in an amount exceeding the minimum amount required for federal jurisdiction.

PLAINTIFF demands a jury trial on all issues of fact.

MILDRED MOSS, Plaintiff

By: *(signature)*
Tom Thompson, ABA #77133
Casey Castleberry, ABA #2003109
MURPHY, THOMPSON, ARNOLD,
 SKINNER & CASTLEBERRY
Post Office Box 2595
Batesville, Arkansas 72503
(870)793-3821 - telephone
(870)793-3815 - facsimile
aftomt2001@yahoo.com
caseycastleberry2003@yahoo.com