F201429742
FILED FOR RECORD
CASE# CV-2014-250-4 ~ 12-05-2014 10:41:08 AM
JUDGE: TIM WEAVER
DEBORAH FINLEY (SP)
INDEPENDENCE CO, AR CIRCUIT CLERK

# IN THE CIRCUIT COURT OF INDEPENDENCE COUNTY, ARKANSAS
## CIVIL DIVISION

**MILDRED MOSS**            **PLAINTIFF**

V.         CASE NO. CV 2014-250-4

**FREDERICK MINOR and**
**IFCO SYSTEMS US, LLC**         **DEFENDANTS**

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Mildred Moss, by and through her attorneys, Tom Thompson and Casey Castleberry, and for her claims against Frederick Minor and IFCO Systems US, LLC, states and alleges as follows:

1. At all times relevant to this action, Ms. Mildred Moss resided in Magness, Independence County, Arkansas.

2. Based upon information and belief, at all times relevant to this action, Mr. Frederick Minor resided in Tennessee.

3. At all times relevant to this action, IFCO Systems US, LLC ("IFCO") was a Delaware limited liability company with its principal place of business in Houston, Texas. IFCO may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4. The occurrence which gives rise to this cause of action took place in Independence County, Arkansas.

DEFENDANT'S EXHIBIT B

5.   This Court has jurisdiction over this cause of action pursuant to Ark. Code Ann. § 16-13-201, and venue is proper under Ark. Code Ann. §§ 16-60-101 and 16-60-113. This Court has jurisdiction over the parties to this matter.

6.   On or about the 20th day of August, 2014, Ms. Moss was asleep in her home, located at 40 Burns Street, Magness, Arkansas, when her house was struck by an 18-wheeler driven by Mr. Minor.

7.   Immediately prior to striking Ms. Moss's house with his vehicle, Mr. Minor was traveling southbound on Highway 69, when he lost control of his vehicle, left the roadway, and traveled over 630 feet before coming to rest after striking Ms. Moss's home with such force that it caused the entire house to shift off of its foundation.

8.   At all times relevant to this action, Mr. Minor was acting in the course and scope of his employment with IFCO, and as such, IFCO is vicariously liable for Mr. Minor's acts and omissions, in accordance with the doctrine of *respondeat superior*.

**COUNT I - NEGLIGENCE**

9.   The collision more particularly described in the previous paragraphs of this Complaint was directly and proximately caused by the negligence of Mr. Minor in the operation and use of his vehicle, which negligence consists of, but is not limited to, the following acts and omissions:

   a.   failure to keep his vehicle under control;

   b.   traveling at a rate of speed too fast under the circumstances;

 c. careless and prohibited driving, in violation of Ark. Code Ann. § 27-51-104; and

 d. failure to exercise ordinary care for his own safety and for the safety of others.

10. As a result of Mr. Minor's negligence, Ms. Moss has suffered the following elements of property damage:

 a. the total loss of her home - $120,000

 b. personal property damage - $7,500

 c. cost of debris removal - $10,000

 d. damage to trees and shrubs - $10,000

 e. loss of use of the property - $6,000

TOTAL: $153,500

### COUNT II - CRIMINAL MISCHIEF IN THE SECOND DEGREE - CIVIL LIABILITY UNDER ARK. CODE ANN. § 16-118-107

11. Pursuant to Ark. Code Ann. § 16-118-107, Plaintiff may file a civil action to recover damages resulting from conduct of another that constitutes a felony under Arkansas law.

12. Ark. Code Ann. § 5-38-204(a) ("Criminal Mischief in the Second Degree") provides, "A person commits criminal mischief in the second degree if the person: . . . Recklessly destroys or damages any property of another person."

13. Ark. Code Ann. § 5-2-202(3) defines "Recklessly," as follows:

    (A) A person acts recklessly with respect to attendant circumstances or a result of his or her conduct when the person consciously disregards a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur.

    (B) The risk must be of a nature and degree that disregard of the risk constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

14. Mr. Minor's conduct was reckless, as he allowed his vehicle to leave the highway at such a high rate of speed that it traveled over 630 feet and became airborne before violently striking Ms. Moss's house.

15. Ark. Code Ann. § 5-38-204(b) states that Criminal Mischief in the Second Degree is a Class D felony if the actual damage to the property is five-thousand dollars ($5,000) or more.

16. Mr. Minor committed the felony of Criminal Mischief in the Second Degree, as he recklessly caused damage to Ms. Moss's house, and the actual damages exceed five-thousand dollars ($5,000).

17. As a direct and proximate result of Mr. Minor's reckless acts, Ms. Moss has been damaged, for which she is entitled to recover compensatory damages, punitive damages, and attorneys' fees.

4

### COUNT III - DAMAGES FOR MENTAL ANGUISH AND EMOTIONAL DISTRESS

18. As a result of the wanton conduct of Defendant, Ms. Moss has suffered severe mental anguish and emotional distress for which she is entitled compensation.

### COUNT IV - PUNITIVE DAMAGES

19. Mr. Minor knew or ought to have known, in light of the surrounding circumstances, that his conduct would naturally and probably result in injury or damage and that he continued such conduct in reckless disregard of the consequences from which malice can be inferred.

20. As a result of Mr. Minor's conduct, in reckless disregard of the rights and safety of others, punitive damages should be imposed to punish the Defendant.

21. Plaintiff's damages exceed the amount required to create jurisdiction in United States District Courts on the basis of diversity of citizenship.

WHEREFORE, Plaintiff prays that she be granted judgment of and from the Defendants for sums sufficient to compensate her for the damages she has sustained, for punitive damages, for her attorneys' fees and costs, and for all other relief to which she may be entitled, all in an amount exceeding the minimum amount required for federal jurisdiction.

PLAINTIFF demands a jury trial on all issues of fact.

MILDRED MOSS, Plaintiff

By: _____
Tom Thompson, ABA #77133
Casey Castleberry, ABA #2003109
MURPHY, THOMPSON, ARNOLD,
 SKINNER & CASTLEBERRY
Post Office Box 2595
Batesville, Arkansas 72503
(870)793-3821 - telephone
(870)793-3815 - facsimile
aftomt2001@yahoo.com
caseycastleberry2003@yahoo.com