**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**MILDRED MOSS**                                                       **PLAINTIFFS**

**VS.**                                    **1:15-CV-00001-BRW**

**FREDERICK MINOR,** *et al.*                                 **DEFENDANTS**

**FARM BUREAU MUTUAL INSURANCE
COMPANY OF ARKANSAS, INC.**                       **INTERVENOR**

<u>**ORDER**</u>

Pending is Plaintiff's Motion for Partial Summary Judgment (Doc. No. 26).  Farm Bureau

has responded.[1]  For the reasons set out below, the motion is GRANTED IN PART and DENIED

IN PART.

**I.     BACKGROUND**

Plaintiff sued Defendants Frederick Minor and his employer, IFCO Systems US LLC,

after Mr. Minor wrecked his 18-wheeler into Plaintiff's home.  The four causes of action listed in

the Complaint are negligence, criminal mischief (civil liability) under Ark. Code Ann. § 16-118-

107, "damages for mental anguish and emotional distress," and punitive damages.[2]  Plaintiff

asserted that she was entitled to $153,500 for property damage.[3]  On August 27, 2015, Plaintiff

and Defendants settled for $135,000.[4]

---

[1]Doc. No. 30.

[2]Doc. No. 2.

[3]$120,000 for loss of the home; $7,500 for damage to personal property damages;
$10,000 for debris removal; $10,000 in damages to trees and shrubs; and $6,000 for loss of use
of the property.

[4]Doc. No. 26-10.

Plaintiff's home was insured by Farm Bureau, Intervenor in this case.  After the wreck, but before suing Defendants, Plaintiff filed an insurance claim on which Farm Bureau paid $96,997.64. The amount included the $80,000 policy limit for the structure and $16,997.64 for moving expenses, contents, and additional living expenses.[5]

## II.    DISCUSSION

In her motion, Plaintiff contends that: (1) Farm Bureau is not entitled to a jury trial; (2) Farm Bureau's right to subrogation is subject to the made-whole doctrine; (3) the insurance policy permits the Court to consider all damages stemming from the incident, including mental anguish and emotional distress, even if they were not recoverable under Arkansas law; and (4) if Farm Bureau usnuccessfuly argues that the made-whole doctrine does not apply, Plaintiff would be entitled to attorneys' fees under Ark. Code Ann. § 23-79-209.[6]

### A.    Points 1 (Jury Trial) and 4 (Attorneys' Fees)

Farm Bureau concedes that it is not entitled to a jury trial, so summary judgment is GRANTED on this point.  Farm Bureau also does not contest that Plaintiff would be entitled to attorneys' fees if it contested the application of the made-whole doctrine and Plaintiff prevailed on the issue.  This arguement is MOOT, since Farm Bureau does not contest the issue.

### B.    Made-Whole Doctrine

Plaintiff argues that Defendant's subrogation claim is subject to the made-whole doctrine, and Farm Bureau agrees.  Though there appears to be disagreement on how this doctrine should be applied here, that issue is not ripe, because Plaintiff asked only that the Court recognize that the made-whole doctrine applies.[7]

---

[5]Doc. No. 28.

[6]*Id.*

[7]Doc. No. 30.

C.      **Mental Anguish**

Plaintiff concedes that Arkansas law does not recognize the tort of negligent infliction of emotional distress, but asserts that I should still consider damages related to her emotional distress and mental anguish in deciding whether she's been made whole by the settlement. However, she has cited not law to support her position.

Plaintiff asserts that Farm Bureau's insurance policy does not define damages.  This argument misses the point.  Plaintiff's claim was for negligence and she did not allege that she suffered a physical injury that resulted in the mental anguish.  Therefore Plaintiff has not asserted a cognizable claim for mental anguish and emotional distress[8] damages under Arkansas law.[9]  Accordingly, she may not use damages she could never have recovered to bolster her claim that she has not been made whole by the settlement.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion for Partial Summary Judgment (Doc. No. 26) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 2nd day of March, 2016.


/s/ Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[8]The entire claim reads:  "As a result of the wanton conduct of Defendant, Ms. Moss has suffered severe mental anguish and emotional distress for which she is entitled to compensation."  Doc. No. 2.

[9]*FMC Corp. v. Helton*, 360 Ark. 465, 481, 483 (2005) (holding that the plaintiff was "not entitled to damages for mental anguish under a theory of negligence."  Plaintiff had to prove that she "suffered a physical injury that led to the mental anguish or that FMC or Agro wilfully or wantonly committed wrongs with the intention of causing mental distress.").